# EXHIBIT B

# COPY

Todd M. Friedman (216752)
Suren N. Weerasuriya (278521)
Adrian R. Bacon (280332)
Law Offices of Todd M. Friedman, P.C.
324 S. Beverly Dr. #725
Beverly Hills, CA 90212
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
sweerasuriya@attorneysforconsumers.com
abacon@attorneysforconsumers.com
Attorneys for Plaintiff

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

JUL 23 2015

Sherri R. Carter, Executive Officer/Clerk
By: Kristina Vargas, Deputy

AUG 19 2015

9:/0

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF LOS ANGELES
## LIMITED JURISDICTION

SYLVIA NIXON,

Plaintiff,

vs.

SANTANDER CONSUMER USA, INC.,

Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.    **15 K 09043**

**(Amount not to exceed $10,000)**

1.  Violation of Rosenthal Fair Debt Collection Practices Act
2.  Violation of Telephone Consumer Protection Act

**BY FAX**

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Ancillary to the claims above, Plaintiff further alleges claims for Defendant's violations of the Telephone Consumer Protection Act., 47 U.S.C. §227, *et seq.* (hereinafter "TCPA").

Complaint - 1

## II. PARTIES

2.     Plaintiff, Sylvia Nixon ("Plaintiff"), is a natural person residing in Los Angeles County in the state of California and is a "debtor" as defined by Cal Civ Code §1788.2(h).

3.     At all relevant times herein, Defendant, Santander Consumer USA, Inc. ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "consumer debt," as defined by Cal Civ Code §1788.2(f).   Defendant regularly attempts to collect debts alleged to be due them, and therefore is a "debt collector" as defined by the RFDCPA, Cal Civ Code §1788.2(c).   Further, Defendant uses an "automatic telephone dialing system" as defined by the TCPA, 47 U.S.C. §227.

## III. FACTUAL ALLEGATIONS

4.     At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

5.     In or around 2013, Plaintiff filed bankruptcy.  Plaintiff had a car loan financed with Defendant at the time.

6.     In or around April 2015, Defendant began calling Plaintiff regarding her financed loan with Defendant because she was behind in payments to Defendant.

7.     Defendant called Plaintiff excessively, even after Plaintiff revoked her consent to be called by Defendant.

8.     Plaintiff alleges that Defendant made the error in naming her husband only on the financed car loan.

///

Complaint - 2

9.    On May 19, 2015, Plaintiff's counsel sent a written notice of representation. Defendant responded and stated that it could not provide information regarding Plaintiff's account without her written consent.

10.    Defendant used an "automatic telephone dialing system", as defined by *47 U.S.C. § 227(a)(1)*, to place its repeated collection calls to Plaintiff seeking to collect the debt allegedly owed.

11.    Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

12.    Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incur a charge for incoming calls pursuant to *47 U.S.C. §227(b)(1)*.

13.    During all relevant times, Defendant did not have Plaintiff's prior consent to be contacted via an "automated telephone dialing system".

14.    Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

    a) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal Civ Code § 1788.11(d));

    b) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal Civ Code § 1788.11(e));

    c) Causing Plaintiffs telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§ 1692d(5)); and

    d) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff (§1692c(a)(1)).

15.    Defendant's conduct violated the TCPA by:

    a) using any automatic telephone dialing system or an artificial or pre-recorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other

radio common carrier service, or any service for which the called party is charged for the call (47 USC §227(b)(A)(iii)).

16.   As a result of the above violations of the FDCPA, RFDCPA, and TCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress.   Plaintiff has even had to resort to taking sleeping pills because of the telephone calls.   Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

17.   Plaintiff reincorporates by reference all of the preceding paragraphs.

18.   To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

A.   Actual damages;

B.   Statutory damages for willful and negligent violations;

C.   Costs and reasonable attorney's fees,

D.   For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT

19.   Plaintiff incorporates by reference all of the preceding paragraphs.

20.   The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

21.   As a result of Defendant's negligent violations of *47 U.S.C. § 227 et seq.*, Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation,

1    pursuant to *47 U.S.C. § 227(b)(3)(B)*.

2        22.    The foregoing acts and omissions of Defendant constitute numerous and

3    multiple knowing and/or willful violations of the TCPA, including but not limited to each and

4    every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

5        23.    As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227*

6    *et seq.*, Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every

7    violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

8        24.    Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the

9    future.

10                              **PRAYER FOR RELIEF**

11       WHEREFORE, Plaintiff respectfully prays that judgment be entered against the

12   Defendant for the following:

13

14           A. As a result of Defendant's negligent violations of *47 U.S.C. §227(b)(1)*,
               Plaintiff is entitled to and requests $500 in statutory damages, for each
15             and every violation, pursuant to *47 U.S.C.  227(b)(3)(B)*;

16           B. As a result of Defendant's willful and/or knowing violations of *47 U.S.C.*
               *§227(b)(1)*, Plaintiff is entitled to  and requests treble damages, as
17             provided by statute, up to $1,500, for each and every violation, pursuant
               to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*; and
18

19           C. Any and all other relief that the Court deems just and proper.

20

21           **PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

22       Respectfully submitted this 22nd day of July, 2015.

23

24                          By:    _____
                                   Todd M. Friedman, Esq.
25                                 Law Offices of Todd M. Friedman, P.C.
                                   Attorney for Plaintiff
26

27

28

                                   Complaint - 5